UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PREMIER DEALER SERVICES, INC.,**

    **Plaintiff,**

  v.                                        Civil Action 2:18-cv-735
                                              Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Chelsey M. Vascura

**ALLEGIANCE ADMINISTRATORS,
LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Leave to File under Seal (ECF No. 96). For the following reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

Defendants' Motion lists several documents they seek to file under seal in unredacted form; redacted versions of most documents have already been filed on the docket. (Mot. 1, ECF No. 96.) Defendants represent that deposition exhibits 1, 2, 6, 18, and parts of exhibits 23 and 61 contain information that is subject to the claim of misappropriation, *i.e.*, dealer rates. (*Id.* at 1–4.) The Court is satisfied, based on Defendants' representations, that these documents contain confidential, proprietary, or trade secret information that overcomes the presumption of public access to Court records. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). Accordingly, with respect to these documents only, Defendants' Motion is **GRANTED**. Defendants shall file unredacted copies of these documents under seal **WITHIN SEVEN DAYS** of the date of this Order.

However, the only basis provided for sealing the remaining documents in Defendants' Motion (deposition transcripts of Joseph Campbell and Haytham Elzayn, and deposition exhibits 4, 17, and pages 1–112 of exhibit 37) is that they were designated, in whole or in part, as "Confidential" pursuant to the Stipulated Protective Order.  (Mot. 1–4, ECF No. 96, citing Stipulated Protective Order, ECF No. 57.)   Defendants have not demonstrated good cause for filing these documents under seal.

There is a strong presumption in favor of public access to judicial records.  *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017).  The Sixth Circuit has affirmed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed."  *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).  The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public."  *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendants' Motion fails to meet the high standard set forth by the Sixth Circuit with regard to the deposition transcripts of Joseph Campbell and Haytham Elzayn, and

deposition exhibits 4, 17, and pages 1–112 of exhibit 37. Defendants fail to set forth compelling reasons justifying the sealing of documents, asserting only that the documents in question have been designated by the parties as "Confidential" under the Stipulated Protective Order (ECF No. 57). The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely asserted that they decided to keep the terms of their settlement confidential); *In re Black Diamond Mining Co., LLC*, No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) (explaining that the existence of a confidentiality agreement, alone, is not a compelling reason to seal a record). Thus, even where documents are designated "Confidential," the moving party must provide compelling reasons justifying the sealing of those documents.

For the above-stated reasons, Defendants' Motion (ECF No. 96) is **DENIED WITHOUT PREJUDICE** with regard to the deposition transcripts of Joseph Campbell and Haytham Elzayn, and deposition exhibits 4, 17, and pages 1–112 of exhibit 37. If either party desires that Defendants file these documents under seal to protect information designated "Confidential" under the Stipulated Protective Order (ECF No. 57), the proponent of the seal must file a properly supported motion that demonstrates good cause for filing under seal **WITHIN SEVEN DAYS** of the date of this Order. The parties are cautioned that any forthcoming motions regarding filing documents under seal should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

4

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE