# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PREMIER DEALER SERVICES, INC.,**

      **Plaintiff,**

  v.                                      **Civil Action 2:18-cv-735**
                                                          **Judge Edmund A. Sargus, Jr.**
                                                          **Magistrate Judge Chelsey M. Vascura**

**ALLEGIANCE ADMINISTRATORS,
LLC,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Protective Order (ECF No. 90).  Plaintiff seeks to modify the parties' Stipulated Protective Order so that documents produced in discovery and designated "Confidential" in this action may also be used in parallel litigation pending in Canada.  For the reasons that follow, Plaintiff's Motion is **DENIED**.

### I.    BACKGROUND

The parties to this action entered into a stipulated protective order governing documents produced in discovery, which was entered by the Court on June 3, 2019.  (ECF No. 57, the "Protective Order.")  The Protective Order provides that documents designated as "Confidential" by the producing party "shall not be disclosed to any person except in accordance with the terms of this Protective Order, and shall be used only for the purposes of prosecuting or defending the above-captioned action."  (Protective Order ¶ 1.2, ECF No. 57.)  If a party objected to another party's "Confidential" designation, the objecting party could file a motion with the Court, with the burden of demonstrating the confidential nature of the material lying with the designating

party.  (*Id.* ¶ 5.1.)  The parties produced numerous documents in discovery pursuant to the Protective Order, many of which were designated "Confidential."  No objections to any "Confidential" designations were filed with the Court, and discovery closed on November 2, 2020.  (ECF No. 87.)

On December 29, 2020, Plaintiff filed the present Motion to Amend Protective Order (ECF No. 90).  Plaintiff's Motion seeks to amend paragraph 1.2 of the Protective Order to state that documents designated as "Confidential" may also be used "in parallel litigation in Canada, i.e., *Tricor Automotive Group, Inc. v. Premier Dealer Services, Inc.*, Ontario Superior Court of Justice Case No. CV-18-00598848-0000 and *Premier Dealer Services, Inc., v. Tricor Automotive Group, Inc.*, Ontario Sup. Ct. Case No. CV-18-00598795-0000, under confidentiality restrictions substantially similar to those set forth in this Order."  (Mot. 2, ECF No. 90.)

As grounds for the amendment, Plaintiff states that its opposing party in the Canadian litigation, Tricor Automotive Group ("Tricor"), has a controlling interest in one of the Defendants in this action, Allegiance Administrators, LLC ("Allegiance"); that Allegiance has produced documents in this action that are responsive to discovery requests in the Canadian litigation; that Tricor has not produced those same documents in the Canadian litigation; and that Plaintiff must "present those documents to the Canadian Court to prove the failure to produce is real and that its motion is not merely a fishing expedition."  (Mot. 1–2, ECF No. 90.)  Plaintiff contends that Allegiance will not be prejudiced by the proposed amendment to the Protective Order because Plaintiff "merely asks for permission to share documents produced by Allegiance here with Allegiance's parent companies, their counsel, and court personnel."  (*Id.* at 2.)

Defendants oppose Plaintiff's proposed amendment to the Protective Order.  First, Defendants point out that all parties were well aware of the parallel Canadian litigation at the

time they stipulated to the Protective Order, and Plaintiff nevertheless agreed to restricting use of "Confidential" material to this case. Second, Defendants produced documents in discovery in reliance on the Protective Order's use restriction, and it would be unfair to change the scope of the use restriction after the fact. Third, Plaintiff has only vaguely described both the "Confidential" material it wishes to disclose in the Canadian litigation and the Canadian discovery dispute.

## II. LEGAL STANDARDS

District courts have the power to modify protective orders. *In re Upjohn Co. Antibiotic Cleocin Products Liab. Litig.*, 664 F.2d 114, 118 (6th Cir. 1981) ("Clearly, the power of a district judge includes the power to modify a protective order.") (citations omitted). Courts within this circuit have generally required a showing of good cause by the party seeking modification. *See, e.g.*, *Info-Hold, Inc. v. Muzak Hldgs LLC*, No. 1:11-cv-283, 2012 WL 3061024, at *3 (S.D. Ohio July 26, 2012) ("The party who seeks to modify a protective order has the burden of establishing good cause for the modification."); *In re Southeastern Milk Antitrust Litig.*, 666 F.Supp.2d 908, 914 (E.D. Tenn. 2009) ("The party seeking modification of the protective order has the burden of establishing cause for the modification."); *Hochstein v. Microsoft Corp.*, No. 04-73071, 2008 WL 4387594, at *2 (E.D. Mich. Sept. 24, 2008) ("It is also within the district court's authority to modify the protective order upon a showing of good cause.").

Moreover, the party seeking modification may bear a heightened burden where, as here, the party seeking modification had agreed to the entry of the protective order. *See, e.g.*, *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, C–3–06–366, 2007 WL 756697, at *5 (S.D. Ohio Mar. 8, 2007) ("Further the Agreed Protective Order was stipulated to by the parties and approved by the Court. Therefore, by its nature, the protective order should not be readily modified."); *Hochstein*, 2008 WL 4387594, at *2 ("The burden is especially high where the

3

parties stipulate to the protective order.") (citations omitted); *Children's Legal Servs. P.L.L.C v. Kresch*, No. 07-cv-10255, 2007 WL 4098203, *2 (E.D. Mich. Nov. 16, 2007) (collecting cases noting "the higher burden on a movant to justify modifying a protective order that was *agreed* to by the parties") (emphasis in original).

In addition, courts may also consider the foreseeability of the modification requested at the time of issuance of the order and the parties' reliance on the order. *Playa Marel*, 2007 WL 756697, at *4 (citing *Daniels v. The City of New York,* 200 F.R.D. 205, 207 (S.D.N.Y. 2001) and *Lee Shuknecht & Sons, Inc. v. P. Vigneri & Sons, Inc.,* 927 F.Supp. 610, 614 (W.D.N.Y. 1996)).

### III. ANALYSIS

Plaintiff has not demonstrated good cause for its desired modification of the stipulated Protective Order. Plaintiff's only justification for its proposed modification—which would allow *all* of the "Confidential" documents produced in this action to be used in the parallel Canadian litigation—is that certain, unspecified documents must be provided to the Canadian court in support of a motion to compel further production by Tricor. Plaintiff has not explained why a blanket loosening of the Protective Order's use restriction is warranted when it proposes using only some of the "Confidential" documents in the Canadian litigation. Moreover, it is unclear why the "Confidential" documents themselves, rather than general descriptions of the documents that do not disclose confidential information, are necessary to support Plaintiff's motion to compel. Plaintiff has simply provided insufficient information about its proposed used of "Confidential" documents in the Canadian litigation to allow the undersigned to find good cause for modification of the Protective Order.

Moreover, Plaintiff stipulated to the Protective Order voluntarily at the outset of discovery while having full knowledge of the parallel Canadian litigation. If Plaintiff wished to use discovery from this action in the Canadian litigation—a foreseeable eventuality given the

close connection between the two—the time to say so was prior to June 3, 2019, when the Protective Order was entered. Plaintiff further could have challenged any "Confidential" designations under the terms of the Protective Order before the close of discovery, but failed to do so. Plaintiff's delay in raising this issue therefore weighs against modifying the Protective Order. *See Playa Marel*, 2007 WL 756697, at *5–6.[1]

Finally, the undersigned is hesitant to rule on issues affecting the scope of discovery in the Canadian litigation, which is governed by the laws and procedural rules of another county. The Canadian court is better positioned to determine what discovery is necessary and permissible and to compel production from parties or third parties as appropriate. For this additional reason, the Protective Order should not be modified.

### IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion to Amend Protective Order (ECF No. 90) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants also make passing reference to production of documents in reliance on the Protective Order's use restriction; however, their assertions of reliance are unsupported. Although this factor weighs in favor of modification, the undersigned finds Defendants' lack of reliance to be outweighed by Plaintiff's failure to show good cause for modification.