UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PREMIER DEALER SERVICES, INC.,**

      **Plaintiff,**                     Case No. 2:18-cv-735
                                    JUDGE EDMUND A. SARGUS, JR.
     v.                          Magistrate Judge Chelsey M. Vascura

**ALLEGIANCE ADMINISTRATORS,**
**LLC, et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Premier Dealer Services, Inc.'s Motion in Limine (ECF No. 161) and Defendant Allegiance Administrator, LLC's Motion for Reconsideration (ECF No. 162) and Motion for Leave to File Reply (ECF No. 168). For the following reasons, Plaintiff's Motion in Limine is **GRANTED**, and Defendants' motions are **DENIED**.

**I.    Background**

Plaintiff Premier Dealer Services ("Premier") brings trade secret misappropriation and copyright infringement claims against Defendants Allegiance Administrator, LLC and Dimension Service Corporation (together, "Defendants" or "Allegiance") alleging that Defendants wrongfully used a form created by Premier. The form is referred to as the LPLP Certificate. The facts are fully set out in the Court's July 29, 2021 Opinion and Order on the parties' cross motions for summary judgment. (*See* ECF No. 128.) In that Opinion and Order, the Court granted Defendants' motion for summary judgment as to the trade secret misappropriation claim but granted Plaintiff's motion for summary judgment as to its copyright infringement claim. The Court also granted Plaintiff's motion for summary judgment as to Defendants' counterclaims. (*Id.* at 26.) The remaining issue

1

of damages on Plaintiff's copyright infringement claim proceeds to trial on May 31, 2022. (*Id.* at 27; Scheduling Order, ECF No. 148.)

## II. Defendants' Motion for Reconsideration

Defendants now move the Court for partial reconsideration of its July 29, 2021 summary judgment ruling that granted Plaintiff summary judgment on its copyright infringement claim against Defendants. (Def.'s Mot. for Recons., ECF No. 162.) Plaintiff filed a response in opposition. (Pl.'s Resp., ECF No. 166.)

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The Sixth Circuit has set forth three circumstances under which courts may reconsider interlocutory orders: (1) when there is an "intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Co. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (internal quotation marks omitted). A motion for reconsideration is "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009).

Defendants ask the Court to reverse its ruling for two reasons: (1) Defendants should be held under the lesser "contributory infringement" copyright standard rather than the direct infringement standard because Tricor, a third party not in this case, was the direct infringer; (2) there is new evidence corroborating Defendants' argument that the LPLP Certificate is not

2

protectible original work. (ECF No. 162 at 2.) Neither of these reasons constitutes a permissible basis for reconsideration.

### A. Contributory Infringement

Defendants assert that their conduct should be reviewed under the contributory infringement standard rather than the direct infringement standard because Tricor, a third party not in this case, was the direct infringer. According to Defendants, Tricor gave Premier's LPLP Certificate form to the Defendants and did not tell Defendants that it was Premier's form. Tricor then dictated changes to form to Defendants' employee. Defendants and Tricor used the form thereafter but Defendants did not intend to copy a protected work and lacked any knowledge of the copyright. (ECF No. 162 at 3.) Defendants also claim that Premier knew that contributory infringement may be the correct standard because it pled "Contributory Infringement" in the alternative in its Second Amended Complaint. (ECF No. 162 at 2 n.1.)

Plaintiff responds that the Court should deny this motion for reconsideration because Defendants are raising the contributory infringement defense or theory for the first time. (ECF No. 166 at 3.) Indeed, "a party prejudices his opponent by…waiting until after summary judgment motions are filed before introducing entirely new legal theories." *Salyers v. City of Portsmouth*, 534 F. App'x 454, 461 (6th Cir. 2013) (citing *Priddy v. Edelman*, 883 F.2d 438, 446–47 (6th Cir. 1989)). Defendants did not assert that they should be tried as contributory infringers rather than direct infringers before now. (*See* Defs.' Mot. for Summ. J., ECF No. 101; Defs.' Resp. Opp. to Pl.'s Mot. for Summ. J., ECF No. 109.) The Court will not reopen the question of Defendants' liability based on a new legal theory submitted five months after summary judgment. Such action would prejudice Plaintiff and further delay adjudication of this case. *See Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted) ("[U]nder Rule

3

59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.").

### B. New Evidence Disputing Copyright Infringement

Similarly, Defendants may not submit new evidence that was previously available to overturn summary judgment. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Defendants claim that there are three new sources of evidence and testimony corroborating their summary judgment arguments that Premier's LPLP Certificate is not a protectible or original work.

First, Defendants contend that they recently obtained an affidavit from Kendall Olson, a former Premier contractor, that shows the LPLP Certificate lacked originality. (ECF No. 162 at 7.) The affidavit shows that it was signed on February 14, 2022. (ECF No. 162, Ex. 1 ¶ 17.) Plaintiff responds that Defendants had knowledge of Mr. Olson's existence and relationship to Premier since September 25, 2018, and could have deposed him at any point during the three years prior to summary judgment. (ECF No. 166 at 4.)

Second, Defendants contend that new testimony from Premier President Lisle Greenweller and expert Lyle King during the damages phase after summary judgment provide additional support that the LPLP Certificate is substantially similar to other forms in the industry. (ECF No. 162 at 10.) Again, Defendants fail to show why they could not have obtained this evidence between 2018 at the start of this case to summary judgment briefing in 2021. Defendants previously deposed Ms. Greenweller in 2020 and could have retained expert Lyle King at any time. Defendants thus seek to support their earlier arguments with evidence that was previously available to them, although they did not discover it until recently. This is not a proper basis for reconsideration. *Ne. Ohio Coal. for Homeless*, 652 F. Supp. 2d at 877.

4

Because Defendants' new legal theories and newly discovered (yet already available) evidence is not a proper basis for reconsideration of this Court's summary judgment ruling, the motion for reconsideration is **DENIED**.

### III. Plaintiff's Motion in Limine

Related to Defendants' motion for reconsideration of their liability for copyright infringement, Plaintiff moves the Court in limine to exclude evidence related to copyright liability issues at trial. (ECF No. 161.)

The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See id.*; *Luce v. United States,* 469 U.S. 38, 41 (1984). Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019).

This Court ruled in its July 29, 2021 Opinion and Order that there was no genuine issue of fact as to whether Defendants are liable for copyright infringement of Plaintiff's LPLP Certificate. (Op. & Order, ECF No. 128.) Plaintiff contends that, based on communications between the parties and representations to the Magistrate Judge, Defendants will attempt to relitigate their copyright infringement liability at trial by arguing that Plaintiff suffered no damages as a result of non-party Tricor dictating changes to the LPLP Certificate to Defendants. (ECF No. 161 at 4.) In response, Defendants claim that they agree with Plaintiff's motion and will not dispute copyright liability.

The Court finds that the following issues are not relevant to damages and are therefore improper at trial:

    a. Arguments as to whether Defendants' and Tricor's use of the LPLP Certificate was improper.

    b. Arguments as to whether Defendants are liable for copyright infringement

    c. Evidence relating to Premier's authorship and creation of the LPLP Certificate.

    d. Evidence that Premier's LPLP Certificate was not entitled to copyright protection, including arguments that the LPLP Certificate was boilerplate language, common in the industry, or substantially similar to other forms.

In their response, Defendants raise a list of evidence that they will attempt to introduce at trial. Since the evidence is raised in a response in opposition rather than a motion, and because Plaintiff did not have a chance to respond, the Court will not rule on Defendants' proposed evidence at this time. Plaintiff's motion in limine is **GRANTED**.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion in Limine (ECF No. 161) is **GRANTED**, Defendants' Motion for Reconsideration (ECF No. 162) is **DENIED**, and Defendants' Motion for Leave to File Reply in Support of Motion for Reconsideration (ECF No. 168) is **DENIED**. The in limine ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

    **IT IS SO ORDERED.**

**4/20/2022**                                                    s/Edmund A. Sargus, Jr.
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**