## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **PREMIER DEALER SERVICES, INC.,** | : | **Case No. 2:18-cv-00735-EAS-CMV** |
| | : | |
| | : | **JUDGE EDMUND A. SARGUS, JR.** |
| **Plaintiff,** | : | |
| | : | **MAGISTRATE JUDGE** |
| **v.** | : | **CHELSEY M. VASCURA** |
| | : | |
| **ALLEGIANCE** | : | |
| **ADMINISTRATORS, LLC, *et al.*,** | : | |
| | : | |
| | : | |
| **Defendants.** | | |

## FINAL PRETRIAL ORDER

The Court held a final pretrial conference in this case on May 20, 2022 at 9:00 a.m., pursuant to Fed. R. Civ. P. 16.

## I. APPEARANCES:

      <u>For Plaintiff</u>:   Scott R. Thomas (Trial Counsel), Gregory J. Krabacher, and Steven A. Taylor.

      <u>For Defendant</u>: Christopher W. Tackett (Trial Counsel), Gregory Melick

## II. NATURE OF ACTION

    A.      This is an action for copyright infringement under 17 U.S.C. § 501(a).

    B.      The jurisdiction of the Court is invoked under Title 28, United States Code, Section 1338(a).

FIRM:56160628v2

C.     The jurisdiction of the Court is not disputed.

## III. **TRIAL LENGTH:**

Plaintiff estimate the length of trial is 3 days.

Defendants estimate the length of trial is 6 days, inclusive of jury selection.

## IV. **AGREED STATEMENTS AND LISTS:**

### A. **General Nature of the Claims of the Parties**

### l.     **Plaintiff's Claims:**

This Court has ruled in favor of Premier's Motion for Summary Judgment (Doc. No. 50) that Allegiance infringed on Premier's exclusive rights to "reproduce the copyrighted wok" and to "prepare derivative works based upon the copyrighted work[.]", pursuant to 17 U.S.C. § 106(1)—(2).   This Court also found that Allegiance committed an act of infringement by exporting infringing copies of the new Tricor LPLP Certificates for use in Canada, pursuant to 17 U.S.C. § 602(a)(2). Damages on Premier's copyright infringement claim is the sole issue left for trial.

Pursuant to 17 U.S.C. § 504(a) of the Copyright Act, Premier seeks the following alternative forms of damages, from which it will elect following the jury's determination and prior to the Court's entering final judgment: (1) Premier's actual damages and any additional profits of Allegiance; or (2) Statutory damage.

Pursuant to 17 U.S. Code §§ 502 and 503, Premier also seeks a permanent injunction against Allegiance's continuing infringement and the impounding of

2

infringing material in Premier's possession or control, to be determined by the Court on such terms as it may deem reasonable.

Pursuant to 17 U.S. Code § 505, Premier also seeks an award of its costs and reasonable attorney's fees, to be determined by the Court.

Premier further seeks the award of such other damages the Court deems appropriate, including prejudgment interest for its awarded damages.


## 2.     Defendants' Claims:

None.


## B. Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel.

| No. | Uncontroverted Facts |
|---|---|
| | Premier owns valid copyrights in the LPLP Certificate, which are duly registered with the U.S. Copyright Office. |
| | Allegiance copied original portions of PDS's copyrighted LPLP Certificate when it made changes requested by non-party Tricor to a derivative form that Tricor had used when in its prior business relationship with Premier, thereby created new certificates derivative of the copyrighted LPLP Certificate. |
| | The Copyrighted LPLP Certificate and the Canadian LPLP Certificate that Allegiance made changes to did not bear a copyright marking. |
| | |
| | Allegiance's copying infringed on PDS's exclusive rights to "reproduce the copyrighted wok" and to "prepare derivative works based upon the copyrighted work[.]" 17 U.S.C. § 106(1)—(2). |
| | Allegiance's exporting infringing copies of the certificates derivative of the copyrighted LPLP Certificates to non-party Tricor for Tricor's use of the forms in Canada infringed on PDS's exclusive rights to control exportation of works based on its copyrighted work. 17 U.S.C. § 602(a)(2). |
| | From February 1, 2009 through May 30, 2018, Premier earned total revenue of USD$3,930,922.12 in connection with its administration of 104,495 loyalty |

3

| No. | Uncontroverted Facts |
|---|---|
| | certificates that are derivative of the copyrighted LPLP Certificate, for which Premier received an average flat fee of CAN$37.62 per certificate. |
| | From April 1, 2018 to October 31, 2021, Allegiance earned total gross revenue of CAN$1,426,199 in connection with its administration of 35,661 instances of the powertrain loyalty program that Tricor initiated with customers at its Canadian dealerships with a form ruled to be derivative of the copyrighted LPLP Certificate. Allegiance received a flat fee of CAN$40 for each instance of the loyalty program that it has performed administration services on for Tricor. |
| | From November 1, 2021 through April 30, 2022, Allegiance has performed administration on an additional 3,519 instances of the powertrain loyalty program that Tricor initiated with customers at its Canadian dealerships with a form ruled to be derivative of the copyrighted LPLP Certificate. Allegiance has received a flat fee of $40 (CAN) for each additional instance of the loyalty program that it has performed administration services on for Tricor, amounting to revenue of at least $109,829.78 in U.S. Dollars |
| | Allegiance continues to perform administration on Loyalty Program contracts that Tricor issues in Canada, which are initiated when Tricor provides loyalty certificates to its customer that are derivative of the copyrighted LPLP Certificate. Tricor pays Allegiance a flat fee of $40 CAN for each program that Allegiance performs administration on for Tricor. |
| | From April 1, 2018 to October 31, 2021, Allegiance earned total gross revenue of US$35,365,743 company-wide in connection with administration services. |
| | Defendants are liable for copyright infringement |
| | Premier is the author and creator of the LPLP Certificate. |
| | Premier's LPLP Certificate is entitled to copyright protection. |
| | Premier's LPLP Certificate is not substantially similar to other forms. |
| | For the Loyalty Programs that Allegiance administers for non-party Tricor, Tricor is believed to provide Car buyers with a copy of a certificate derivative of the copyrighted LPLP Certificate at the points of purchase. |
| | Allegiance follows the terms and conditions language in the derivative certificates in order to properly administer the loyalty program for Tricor. |
| | Allegiance does not track its expenses on a program-by-program basis. |

## C. Contested Issues of Fact and Law

## 1. Contested Issues of Fact.

Suggested language:   The contested issues of fact remaining for decision are . . . (set out a brief statement of the remaining contested issues of fact.)

| No. | Contested Issues of Fact |
|---|---|
| | Whether and in what amount of Actual Damages should be awarded to Plaintiff pursuant to 17 USC 504(b), including all factors relevant thereto. |

4

| No. | Contested Issues of Fact |
|---|---|
| | Whether and in what amount of Defendants' profits should be awarded to Plaintiff pursuant to 17 USC 504(b), including all factors relevant thereto. |
| | What amount of Statutory Damages should be awarded to Plaintiff pursuant to 17 USC 504(c), including all factors relevant thereto, including, without limitation, whether Allegiance's infringement was willful or innocent. |
| | |
| | Whether Allegiance had knowledge that the Canadian LPLP Certificate was subject to a copyright when it created the new derivative upon Tricor's request. |
| | Whether Allegiance intended to infringe upon Premier's copyrighted form. |
| | Whether Allegiance was led to believe that Tricor owned rights to the form when Tricor asked Allegiance to create a new version. |
| | Whether Allegiance performing administration on Tricor's use of the infringing form represents a use of the form by Allegiance. |
| | Whether Premier has formally taken the position that it is Tricor that is using the derivative form and deriving benefit from it through Premier's claims against Tricor in Canada relating to the same LPLP Certificate. |
| | Whether Premier has established a loss in value to its copyrighted LPLP Certificate caused by the infringement through non-speculative testimony. |
| | Whether Premier had any expectation of performing administration for Tricor on additional loyalty programs, even though Premier terminated its business relationship with Tricor. |
| | Whether Premier has established through non-speculative testimony a causal link between the infringing language and Allegiance's administration revenue. |
| | Whether Allegiance has established that its revenue for performing administration on loyalty programs that Tricor initiates at its dealerships, is revenue from something other than the infringing language. i.e., fair market rates for Allegiance's administration services. |
| | What amount of Allegiance's operating costs should be allocated to its work performing administration on the one program at issue. |
| | What amount of Premier's operating costs should be allocated to its hypothetical administration revenues it projects that it would have received but-for the infringement. |
| | Whether, when directing Allegiance to make changes to the Canadian LPLP Certificate, Tricor stated to Allegiance in writing that it owned rights to the forms that it had used in its prior business relationship with Tricor. |
| | Dimension Service Corporation has not received any revenue associated with the infringing derivative of the LPLP Certificate. |
| | Whether any pleading or ruling establishes that Allegiance created the Lifetime Engine form that Tricor uses at its dealerships.<br><br>Whether any pleading or ruling establishes that the Lifetime Engine form used by Tricor infringes upon the LPLP Certificate. |

5

| No. | Contested Issues of Fact |
|---|---|
|  | Whether, from April 1, 2018 to October 31, 2021, Allegiance earned total gross revenue of CAN$218,220 in connection with its administration of 7,274 engine loyalty certificates derivative of the copyrighted LPLP Certificate, for which Allegiance receive a flat fee of CAN$30 per certificate. |
|  | Whether and in what amount, from November 1, 2021 to April 30, 2022, Allegiance earned total gross revenue in connection with its administration of engine loyalty certificates derivative of the copyrighted LPLP Certificate, for which Allegiance receive a flat fee of CAN$30 per certificate. |
|  | Whether both the powertrain and engine versions of the loyalty certificates used for the program Allegiance administers for Tricor are derivative works of the copyrighted LPLP Certificate. |
|  | Whether Allegiance stores the language of certificates derivative of the copyrighted LPLP Certificate in Allegiance's computer systems in order to administer the loyalty program for Tricor. |
|  | The extent to which Tricor, through its wholly owned subsidiary, TAG US, has an ownership interest in Allegiance. |
|  | Whether Allegiance hired any additional staff beyond those who came from Dimension prior to Allegiance's administration of the loyalty program for Tricor in which certificates derivative of the copyrighted LPLP Certificate are used. |
|  | Whether Allegiance's staffing has materially changed during the time of Allegiance's administration of the loyalty program for Tricor in which certificates derivative of the copyrighted LPLP Certificate are used. |
|  | Whether Allegiance continues to derive revenue from the Loyalty Program for Tricor in Canada, which uses loyalty certificates derivative of the copyrighted LPLP Certificate. |
|  | Whether Allegiance has a mechanism for using its accounting system to provide a direct amount of revenue generated by Allegiance's administration of loyalty programs for Tricor |
|  |  |

2.  **Contested Issues of Law**.

The contested issues of law in addition to those implicit in the foregoing issues of fact, are found in the parties briefing of Plaintiff's Motion In Limine (Doc. No. 178),Defendants' seven Motions in Limine (Doc. Nos. 180 – 185), and the Parties' respective objections to Proposed Jury Instructions (Doc Nos. 190 and 200).

Whether there is any relevance to Tricor's indirect minority ownership interest in Allegiance at the time of the infringement, which included no right to control Allegiance or its operations.

FIRM:56160628v2

### D. Witnesses

1. **Plaintiff may call:**

    **Lisle Greenweller**      Ms. Greenweller will be called to testify in a manner
    President, PDS      consistent with her hearing testimony, deposition
    Ft. Mitchell, Kentucky      testimony and filed affidavits, which are incorporated
herein by reference in the interest of brevity. Without limitation, Ms. Greenweller will give testimony regarding Premier's business in general with a particular focus on Premier's revenue and expenses associated with the LPLP Certificate at issue in the action. Ms. Greenweller will also provide foundation evidence for information and documentation relied on by expert witnesses identified herein.

2. **Defendant may call:**

(a) Joseph Campbell, CEO of Tricor. Mr. Campbell will testify about forming his business relationship with Allegiance and will confirm that Tricor stated to Allegiance that it owned the forms that it had used when working with Premier, including the Canadian LPLP Certificate / Old Tricor Form. Mr. Campbell will testify that Premier terminated its business relationship with Tricor.

(b) Michelle DeFouw, Chief Operations Officer, Dimension Service Corporation. Ms. DeFouw will testify about as to her understanding about the Canadian LPLP Certificate / Old Tricor Form at the time that she made the changes to the form directed by Tricor.

(c) Nicole Blackburn, Vice President Administration, Allegiance Administrators, LLC. Ms. Blackburn-Tiell will testify about the administration services that Allegiance provides to Tricor on instances of the LPLP program that Tricor initiates at its dealerships in Canada.

(d) Brad Kellenberger, VP of Accounting/Director of Accounting, Allegiance Administrators, LLC. Mr. Kellenberger may testify about Allegiance's accounting records and systems.

(e) Dawn Murphy, Chief Operations Officer, Allegiance Administrators, LLC. Ms. Murphy will provide foundation for opinions of Allegiance's expert Douglas Terry, including testimony on Allegiance's business records relating to Allegiance's revenue from performing administration and its operating costs.

FIRM:56160628v2

(f)     Kendall Olson, former founder of Premier's predecessor and 20-year contractor of Premier, now employee of Allegiance Administrators. Mr. Olson will limit his testimony to discussion of how the LPLP program functions, including how the benefits of using the program are designed to, and do, flow to the dealer using the program—not the administrator hired to perform administration on the dealer's use of the program.

Plaintiff objects to the testimony of Mr. Olson to the extent his testimony is in conflict with the Court's Order denying Defendants' Motion for Reconsideration and its Motion for Sanctions. Plaintiff's also object to the testimony of Mr. Olson to the extent his testimony amounts to that of an undisclosed expert witness. Plaintiff's also object to the testimony of Mr. Olson's testimony as a lay witness who was not timely disclosed as required by Fed. R. Civ. P. 26(a)(1) and (e), preventing Defendants the opportunity to target discovery on this witness.

Defendants respond that they have confirmed that Mr. Olson will not testify about liability issues. Also, Mr. Olson is not presented as an expert witness. Further, Defendants object to the suggestion that Mr. Olson was not timely disclosed, because it was Premier that failed to identify Mr. Olson during discovery (which Allegiance set forth in the Motion for Sanctions).

3.      In the event other witnesses are to be called at the trial, a statement of their names and addresses and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court at least five (5) days prior to trial.

4.      There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice to the other party.   Questions frequently arise as to whether a witness will offer rebuttal testimony or is more appropriately designated as part of the case-in-chief.   If questions arise as to the nature of a witness testimony, the Court will err on the side of required disclosure five (5) days prior to trial of rebuttal witnesses. If no disclosure is made, the Court shall not permit such witness to testify.

<u>Note</u>:  *Only witnesses listed in the Final Pretrial Order will be permitted to testify at the trial, except witnesses called solely for the purpose of impeachment or for good cause shown.*

### E. <u>Expert Witnesses</u>

Parties are limited to the following number of expert witnesses, whose names have been disclosed to the other side:

1.      **<u>Plaintiff</u>**:

        a.      Nicolas J. Biagioli

        b.      Christopher J. Bokhart

2.      **Defendant**:

        a.      Lyle King

        b.      Douglas A. Terry

Counsel <u>have attached</u> a resume or curriculum vitae of each expert's qualifications as a part of Exhibit A herein.

## F. <u>Depositions</u>

During trial, reading of depositions frequently presents problems that can be eliminated by advance discussion and preparation. The pretrial order shall list depositions to be read into evidence and any objections thereto identifying the objecting party, portions objected to, and the basis for the objections. All irrelevant and redundant matter and all colloquy between counsel in the deposition must be eliminated when the deposition is read. <u>See also</u> the requirements of Fed. R. Civ. P. 26(a)(3)(B).

Testimony of the witnesses identified in Plaintiff's Deposition Designations (Doc. No. 174-3) and Defendants' Designation of Deposition Portions (Doc. No. 175-2) may be offered as evidence at trial, subject to any objections raised. Testimony may be offered by deposition or videotape to the extent permitted under Federal Rule of Evidence 32.

Each party may read from the deposition testimony of the other party's 30(B)(6) Deposition, as provided for under Rule 32.

Defendants/Allegiance objects to the offering of deposition testimony of Haytham ElZayn in evidence as hearsay and as information that is not relevant to the damages trial because Mr. ElZayn established at deposition that he had no knowledge regarding the Canadian LPLP Certificate that Tricor provided to Defendants.

Plaintiff responds that the portions identified from Mr. ElZayn's deposition are relevant admissions of a party opponent based on his personal knowledge.

Plaintiff objects to Defendants' intent to use as evidence portions of the depositions of Mr. Campbell, Ms. DeFouw, Ms. Murphy, Mr. King, and Mr. Terry on hearsay grounds.

Defendants response to the hearsay objection is contained in its response to Premier's Second Motion in Limine.

**G. <u>Exhibits</u>**

Needless Court time is taken up in the marking of exhibits during trial. Accordingly, the exhibit list should be prepared prior to trial and set forth in the pretrial order. Exhibits that are to be admitted without objection should be listed first, then followed by a listing of exhibits to which there may be objections, noting by whom the objection is made (if there are multiple adverse parties), the nature of the objection, and the authority supporting the objection.

Exhibit markers should be attached to all exhibits at the time they are shown to opposing counsel during the preparation of the pretrial order. A supply of marking tags for exhibits may be obtained from the courtroom deputy clerk. They should be attached to the lower right-hand corner whenever possible. <u>See also</u> the requirements of Fed. R. Civ. P. 26(a)(3)(C).

Except for good cause shown, the Court will not permit the introduction of any exhibits unless they have been listed in the pretrial order, with the exception of exhibits to be used solely for the purpose of impeachment.

Exhibit lists should be attached as appendices to the pretrial order as follows:

> Appendix B    Joint Exhibits
>
> Appendix C    Plaintiff Exhibits
>
> Appendix D    Defendant Exhibits

**H. <u>Stipulations</u>**

Counsel have fully complied with the **Stipulations** section of the Court's Order Setting Trial Date and Settlement Conference, resulting in the Uncontroverted Facts set forth in this document.

**I. <u>Completion of Discovery</u>**

Except for good cause, all discovery shall be completed before the Final Pretrial Order is signed by the Court. If discovery has not been completed, the proposed pretrial order shall state what discovery is yet to be done by each side, when it is scheduled, when it will be completed, and whether any problems (e.g., objections or motions) are likely with respect to the uncompleted discovery.

On May 16, 2022, Allegiance supplemented its discovery responses by providing updated contract count data through April 30, 2022. Allegiance did not, however, produce such updated data pertaining to the Lifetime Engine loyalty program, stating that it objected to

the production of such data. Premier has requested this information notwithstanding Defendants' relevance objection, for the reasons set forth in Premier's response to Defendants' motion *in limine*. If Allegiance does not provide updated information, Premier reserves the right to project damages calculations based on data Allegiance provided through July 31, 2021, and via its expert, Mr. Terry, through October 31, 2021.

Allegiance objects to the production of data regarding its administration on Tricor's use of the Lifetime Engine program for the following reasons: (a) Lifetime Engine data was not requested in discovery, (b) there is no infringement claim in the Complaint regarding the Lifetime Engine form, (c) there is no factual testimony that Allegiance participated in making a new Lifetime Engine Form for Tricor and (d) there is no ruling from the Court that Allegiance infringed regarding the Lifetime Engine form in use by Tricor.

Allegiance indicates that it will object to any projection of Lifetime Engine data as undisclosed expert opinions, in addition to the other grounds previously submitted regarding its objection to discussion of the Lifetime Engine program.

## V. <u>MODIFICATION</u>

The Final Pretrial Order may be modified at or prior to the trial of this action to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

## VI. <u>JURY INSTRUCTIONS</u>

Counsel have complied with the **Jury Instructions** section of the Court's Order Setting Trial Date and Settlement Conference.

## VII. <u>REMAINING ISSUES AND OTHER MATTERS</u>

Counsel bring the following additional matters to the Court's attention:

1. Sensitive financial and business information is disclosed in several exhibits, expert reports, and deposition testimony transcripts and has been marked as Confidential or Attorney's Eyes Only, pursuant to the proactive order. In response to a pending Order (Doc. No. 202) regarding Defendants' motion to file certain documents under seal, the parties will be providing detailed information necessary for the Court to determine whether such information may be filed under seal. Notably, Defendants object to

Plaintiff Premier's suggestion about how broadly, and extent to which, the information needs to be sealed.

2. Allegiance has now provided data on the number of loyalty programs that it has performed administration services on for Tricor, which runs through April 30, 2022. But, because the data relied upon in the expert reports is based on data through October 31, 2021, the parties seek the Court's guidance on whether a post-hearing accounting should be conducted by the Court for the additional data period, to the extent that the jury awards actual damages relating to the administration revenue that Allegiance received through October 31, 2021.

3. Plaintiff intends to elect between its recovery under 17 U.S.C. 504(b) and 504(c) following the jury's verdict and prior to the court entering final judgment.

4. Plaintiff intends to move for a Permanent Injunction prior to trial.

5. Post-trial, Plaintiff intends to seek its attorneys' fees, costs, and prejudgment interest. Defendants oppose the awarding of fees and costs because the factual circumstances demonstrate that Allegiance was an innocent infringer, having no knowledge of the copyright and being actively led by Tricor to believe that Tricor owned the form.

_____

EDMUND A. SARGUS, JR.

United States District Judge

  /s/ Scott R. Thomas_____

Counsel for Plaintiff

  /s/ Christopher W. Tackett_____

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed with the Clerk of Courts using the ECF system, which will send notification of such filing to all attorneys of record on this 17th day of May, 2022.

/s/ Gregory J. Krabacher

Gregory J. Krabacher (0079259)
*Co-Counsel for Plaintiff*

FIRM:56160628v2

# Appendix A

# Curriculum Vitae of Plaintiff's Expert Nicholas J. Biagioli



## Nicholas J. Biagioli
Associate Principal

Master of Business Administration Accounting
Indiana University

Bachelor of Science Accounting
Indiana University

Certified Public Accountant

Mr. Biagioli is an Associate Principal in the Intellectual Property Practice at CRA. He specializes in the analysis of damages and valuation issues in complex commercial litigation with an emphasis on matters involving intellectual property rights. He has over ten years of experience serving as a consultant in matters involving patent infringement, trademark infringement, trade secret misappropriation, copyright infringement, unfair competition, breach of contract, and false advertising. Mr. Biagioli also has valuation experience for a variety of business purposes, including mergers and acquisitions and licensing transactions.

Mr. Biagioli has developed damages models under a broad range of theories, including lost profits, unjust enrichment, reasonable royalty, and loss/gain of business value. He also has experience in analyzing accounting, financial, and marketing information to address the issues of commercial success and irreparable harm.

Mr. Biagioli is particularly skilled at developing flexible financial models to deal with large, complex sets of data and to quantify damages under multiple scenarios. His experience spans all phases of litigation, and his work has covered many industries and a wide range of products and technologies.

Mr. Biagioli is a Certified Public Accountant in Illinois, which, together with his educational background, enables him to assess financial metrics, market forces, competitive dynamics, and other factors that impact damages opinions.

Prior to joining CRA, Mr. Biagioli worked as an auditor at Deloitte.

## Publications

- CRA Insights: Intellectual Property, "Notable developments in IP litigation," April 7, 2021 (with Adam J. Moore).

# Curriculum Vitae of Plaintiff's Rebuttal Expert Christopher J. Bokhart



## CHRISTOPHER J. BOKHART, CPA, CFF, CFE
Vice President

B.S. Management
Purdue University

Mr. Bokhart is a Vice President and has over 30 years of experience in intellectual property (IP) and business valuation.  He assists companies and counsel in transactional, strategy, litigation, and financial reporting matters involving patents, trademarks, trade secrets, copyrights, and business interests.

His expertise in such engagements has been applied in a broad array of manufacturing, services, and retail industries, for clients ranging from Fortune 500 companies to individuals, and governmental and non-profit entities.  Through the application of accounting, finance, and economics techniques, Mr. Bokhart analyzes incremental revenues, costs, and profitability, as well as other issues including the determination of discount rates, cost of capital, and royalty rates.  These projects often involve the use and interpretation of statistical analyses, financial modeling, comparable transactions, and market research.

Mr. Bokhart has provided significant testimony in federal, state, and arbitration settings on subjects including the valuation of intellectual property, such as patents, trademarks, copyrights and trade secrets.  In addition, he has often assisted in case evaluation and royalty audits in commercial disputes prior to potential litigation as well as post licensing royalty compliance.

In the transactional setting, he has advised companies on valuation and pricing issues in the context of acquisitions, joint ventures, bankruptcy, corporate restructuring, and investment holding companies.  His background also includes experience in licensing, including the analysis of royalty rates.

In addition to his consulting experience, Mr. Bokhart has lectured on topics, including intellectual property valuation, lost profit and reasonable royalty damages determinations, licensing strategies, joint partnerships and strategic alliances, and international competition.

Mr. Bokhart co-founded Chicago-based IPC Group (a predecessor company of InteCap which was acquired by CRA) in 1988.  Prior to the founding of IPC Group, Mr. Bokhart was an Executive Consultant for Peterson & Company, a Chicago based firm who specialized in accounting, financial and economic consulting firm.

## WORK EXPERIENCE

- 1982 – 1988  Peterson & Company Consulting

- 1988 – 2001  IPC Group

- 2001 – 2004  InteCap (successor to IPC Group)

- 2004 to Date  Charles River Associates (InteCap was acquired by CRA)

## SELECTED AFFILIATIONS

- CPA., State of Illinois

- CFF, Certified in Financial Forensics

- CFE., Certified Fraud Examiner

- American Institute of Certified Public Accountants

## PREVIOUS TESTIMONY

- Advanced Video Technologies LLC v. HTC Corporation and HTC America, Inc.
  United States District Court, Southern District of New York
  Case No. 1:11-CV-6604-(CM-RLE)

- AIL Systems, Inc., v. The United States of America
  United States Court of Federal Claims
  No. 94-23C

- Alifax Holding SPA and Sire Analytical Systems SRL v. Alcor Scientific Inc., and Francesco A. Frappa
  United States District Court, District of Rhode Island
  Civil Action No. 14-440/S

- Argentum Medical LLC v. Noble Biomaterials et al.
  U.S. District Court, Middle District of Pennsylvania
  Civil Action No. 08-cv-01305

- Archer-Daniels-Midland Company v. Phoenix Assurance Company of New York, et al.
  U.S. District Court, Southern District of Illinois
  Civil Action No. 95-4001 JLF

- Archer-Daniels-Midland Company v. Robinson Fans, Inc.
  U.S. District Court, Southern District of Iowa
  Civil Action No. 3:10-cv-0100-CRW-CFB

- Ashley Furniture Industries, Inc. v. Laura Ashley Holdings, plc and Laura Ashley, Inc.
  American Arbitration Association, Chicago, Illinois
  No. 51 133 Y 01056 08

- Authentic Apparel Group, LLC v. United States of America
  United States Court of Federal Claims
  No. 1:15-cv-16C

- Aventis Pharma S.A. and Sanofi-Aventis U.S., LLC v. Hospira, Inc., Apotex, Inc. and Apotex Corp.
  U.S. District Court, District of Delaware
  Civil Action No. 07-721-GMS

- Robert S. Babington and Babington Enterprises, Inc. v. AB Electrolux and Electrolux S.a.r.l.
  U.S. District Court, Eastern District of Virginia, Alexandria Division
  Civil Action No. 01-915-A

- Bayer AG v. Sony Electronics Inc. and Bayer AG v. Sony Corporation Inc. and Dowa Mining Co.
  U.S. District Court, District of Delaware
  Civil Action No. 95-8/97-401-JJF

- Bayer AG, and Bayer Corporation v. Housey Pharmaceuticals, Inc.
  U.S. District Court, District of Delaware
  Civil Action No. 01-148 SLR

- Bettcher Industries, Inc. v. Hantover, Inc
  U.S. District Court, District of Ohio, Western Division
  Civil Action No. 3:14-cv-406

- Biacore, AB, and Biacore, Inc., v. Thermo Bioanalysis Corporation
  U.S. District Court, District of Delaware
  Civil Action No. 97-274-SLR

- Cequent Performance Products, Inc. v. Hopkins Manufacturing Corporation and The Coast Distribution System, Inc.
  U.S. District Court, Eastern District of Michigan
  Case No. 2:13-cv-15293

- Chesterfield Investments, Inc. v. Lear Corporation
  Macomb County Circuit Court, Southfield, Michigan
  Case: 01-3882-CK, AAA Case No. 54-181-00273-1

- Cohesive Technologies, Inc. v. Waters Corporation
  U.S. District Court, District of Massachusetts
  Civil Action No. 99-CV11528(REK)

- CoStar Group, Inc., et al. v. LoopNet, Inc., et al.
  U.S. District Court, District of Maryland
  Civil Action No. DKC99CV2983

- Caterpillar, Inc., v. Molins PLC,
  U.S. District Court, District of Delaware
  Civil Action No. 94-612-JJF

- Cross Atlantic Capital Partners, Inc. v. Facebook, Inc. and Thefacebook, LLC
  U.S. District Court, Eastern Pennsylvania
  Civil Action No. 07-CV-02768-JP

- Cryolife, Inc., v. C.R. Bard, Inc., Davol, Inc., and Medafor, Inc.
  U.S. District Court, District of Delaware
  Civil Action No. 14-559-SLR

- CSU Holdings, et. al. v. Xerox Corporation
  U.S. District Court, District of Kansas
  Civil Action No. MDL-1021

- DataTreasury Corporation v. Magtek, Inc., f/k/a Mag-Tek, Inc.
  U.S. District Court, Eastern District of Texas, Marshall Division
  Civil Action No. 2:03-CV-459

- DataTreasury Corporation v. Wells Fargo & Company, et al.
  U.S. District Court, Eastern District of Texas, Marshall Division
  Civil Action No. 2:06-CV-72(DF)

- Robert S. Davidson, d/b/a Plastertech v. The United States of America
  United States Court of Federal Claims
  No. 13-942 C

- Deere & Company v. The Toro Company and Tri State Turf & Irrigation, Inc.
  U.S. District Court for the Central District of Illinois Rock Island Division
  Arbitration No. 51 184Y 01557 04

- Deere & Company v. Kubota Corporation and Kubota Tractor Corporation
  U.S. District Court, Central District of Illinois, Rock Island Division
  Civil Action No. 99-4026

- Eastown Distributors Co., Hubert Distributors, Inc., Oak Distributing Company, Inc., Powers Distributing Company, Inc. v. Fred R. Long, Esq; W.C. Thomas; Pat Jordan; The American Consulting Group, Inc.; West Coast Industrial Relations Association, Inc.; and Jeffer, Mangels, Butler & Marmaro, LLP
  State of Michigan, Circuit Court for the County of Wayne
  Case No. 98-837032-CK, 98-837088-CK, 98-837089-CK, 98-837090-CK

- EMI Group North America, Inc., v. Cypress Semiconductor Corporation
  U.S. District Court, District of Delaware
  Civil Action No. 98-350-RRM

- Evident Corporation/The Peroxydent Group v. Colgate-Palmolive Co., Inc.
  U.S. District Court, District of New Jersey
  Civil Action No.98-CV-4376 (MLC)

- Fair Isaac Corp; and myFICO Consumer Services, Inc. v. Equifax Inc.; Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; VantageScore Solutions LLC; and Does I through X
  U.S. District Court, District of Minnesota
  Civil Action No. 0:06-cv-04112

- Ferndale Laboratories, Inc. v. Astra Aktiebolag and Astra Pharmaceuticals, L.P.
  U.S. District Court, Eastern District of Michigan, Southern Division
  Civil Action No. 99-73361

- Fike Corporation v. The United States of America
  U.S. Court of Federal Claims
  No. 95-58 C

- Flex-Rest, LLC v. Steelcase, Inc.
  U.S. District Court, Western District of Michigan
  Civil Action No. 1:02cv537

- Ford Motor Company v. Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Trilogy, Inc.
  U.S. District Court, Eastern District of Michigan
  Case No. 15-10628-MFL-EAS (consolidated with Case No. 15-cv-11624)

- Frank Gaylord v. The United States of America
  U.S. Court of Federal Claims
  No. 6-539 C

- Fujitsu Network Communications Inc. et al v. Tellabs, Inc. et al.
  U.S. District Court, Northern District of Illinois
  Civil Action No. 1:09-cv-04530

- Gary Ganzi, et al. v. Walter Ganzi, Jr. et al.
  Supreme Court of the State of New York, County of New York
  Index No. 653074/2012

- Generac Corporation v. Caterpillar, Inc.
  U.S. District Court, Western District of Wisconsin
  Civil Action No. 96-C-04265

- Goss International Americas, Inc. v. Graphic Management Associates Inc,. Muller Martini Corp., Mueller Martini Drukverarbeitungs Systeme AG, Muller Martini Holding AG, Muller Martini Marketing AG and Grapha-Holding AG
  U.S. District Court, Northern District of Illinois, Eastern Division
  Civil Action No. 05 C 5622

- Habersham Plantation Corporation, et al. v. Art & Frame Direct, Inc., et al.
  U.S. District Court, Southern District of Florida
  Civil Action No. 10-61532-CIV

- Haworth, Inc. v. Steelcase, Inc.
  U.S. District Court, Western District of Michigan, Southern Division
  Civil Action No.'s K-85-526-CA and G-89-30373-CA

- Henkel Corporation, and Henkel Kommanditgesellschaft Auf Aktien v. Allco Chemical Corporation, and AlliedSignal, Inc.
  U.S. District Court, District of Delaware
  Civil Action No. 96-578 SLR

- Dan E. Hisken and Ed Stricker v. The United States of America
  U.S. Claims Court
  No. 93-785C

- HTC Corporation and HTC American, Inc. v. Technology Properties Limited, Patriot Scientific Corporation and Alliacense Limited
  U.S. District Court, Northern District of California, San Jose Division
  Case No. 5:08-cv-00877 PSG

- ICM Controls Corp. v. Honeywell International, Inc.
  U.S. District Court, Northern District of New York
  Case No.: 5:12-cv-1766

- Infigen, Inc. v. Advanced Cell Technology, Inc., and Steven L. Stice
  U.S. District Court, Western District of Wisconsin
  Case No. 98 C0431 C

- JP Morgan Chase Bank, N.A. v. DataTreasury Corporation
  United States District Court, Eastern District of Texas, Texarkana Division
  Civil Action No. 5:12-CV-119-MHS

- Leader Technologies, Inc. v. Facebook, Inc.
  U.S. District Court, District of Delaware
  Civil Action No. 08-cv-08-862-JJF-LPS

- Liberty Ammunition, Inc. v. The United States
  United States Court of Federal Claims
  No. 11-0084C

- Loggerhead Tools, LLC v. Sears Holdings Corporation and Apex Tool Group, LLC
  U.S. District Court, Northern District of Illinois
  Case No. 1:12-cv-09033

- Martin R. Prince, M.D., PhD v. General Electric Company
  JAMS New York, New York
  JAMS Ref. No. 1425028360

- Midwest Oilseeds, Inc. v. Limagrain Genetics Corporation, f/k/a Callahan Enterprises, Inc.
  U.S. District Court, Southern District of Iowa, Central Division
  No. 4-00-CV-90695

- Mirror Worlds Technologies, LLC v. Facebook, Inc.
  U.S. District Court, Southern District of New York
  Civil Action No. 1:17-cv-3473

- Monec Holding AG v. Motorola Mobility, Inc., Samsung electronics America, Inc., Samsung Electronics, Co., Ltd., HTC Corp., HTC America, Inc., and Exedea, Inc.
  U.S. District Court, District of Delaware
  C.A. No. 1:11-cv-00798-LPS

- Netalog, Inc. v. Belkin Corporation
  U.S. District Court, Middle District of North Carolina
  Case No. 1:05CV00391

- Northwest Airlines, Inc. v. NWA Federal Credit Union
  U.S. District Court District of Minnesota
  Case No. 03-3625

- Novartis Corporation, Novartis Pharmaceuticals Corporation and Novartis International AG v. Lupin Ltd. And Lupin Pharmaceuticals, Inc.
  U.S. District Court, District of New Jersey
  Civil Action No. 06-5954 (HAA)(ES)

- Novartis Corporation, Novartis Pharmaceuticals Corporation and Novartis International AG v. Par Pharmaceutical Companies, Inc. Par Pharmaceutical, and Kali Laboratories, Inc.
  U.S District Court, District of New Jersey
  Civil Action Nos. 06-4788 and 06-6283 (HAA)(ES)

- Novartis Corporation, Novartis Pharmaceuticals Corporation, and Novartis International AG v. Teva Pharmaceuticals USA, Inc.
  U.S. District Court, District of New Jersey
  Civil Action Nos. 04-4473 and 06-1130

- Nylok Fastener Corporation v. The Oakland Corporation, d/b/a ND Industries, Inc.
  U.S. District Court, Eastern District of Michigan, Southern Division
  Civil Action No. 89-71153

- The Oakland Corporation, d/b/a ND Industries, Inc. v. Nylok Fastener Corporation
  U.S. District Court, Eastern District of Michigan, Southern Division
  Civil Action No. 89-71969

- Pfizer Canada Inc. and Warner-Lambert Company, LLC v. The Minister of Health and Apotex Inc.
  Federal Court, Canada
  Court File No. T-16-06

- Pfizer Canada Inc. and Warner-Lambert Company, LLC v. The Minister of Health and NovaPharm Limited
  Federal Court, Canada
  Court File No. T-560-05

- Pfizer Canada Inc. and Warner-Lambert Company, LLC v. The Minister of Health and Ranbaxy Laboratories Limited
  Federal Court, Canada
  Court File No. T-507-05

- Pfizer Canada Inc. and Warner-Lambert Company, LLC v. The Minister of Health and Ratiopharm Inc.
  Federal Court, Canada
  Court File No. T-1128-05

- Pfizer, Inc. et al. v. Ranbaxy Laboratories, et al.
  U.S. District Court, District of Delaware
  C.A. No. 03-209 (JJF)

- Photogenesis, Inc., et al. v. Washington University, et al.
  U.S. District Court, Eastern District of Missouri, Eastern Division
  Civil Action No. 4:99CV00700 SNL

- Plastech Exterior Systems, Inc. v. Deere & Company
  American Arbitration Association, Chicago, Illinois
  No. 51 Y 181 00140 00

- Purdue Pharma Products LP, Napp Pharmaceutical Group LTD., Biovail Laboratories International SRL, and Ortho-McNeil, Inc. v. Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.
  U.S. District Court, District of Delaware
  Civil Action Nos. 07-225-JJF and 07-414-JJF

- Rembrandt Data Technologies, LP. v. AOL LLC, et al.
  U.S. District Court, Eastern District of Virginia, Alexandria Division
  Civil Action No. 01:08-cv-01009-GBL-IDD

- Rite-Hite Corporation v. Kelley Company, Inc.
  U.S. District Court, District of Wisconsin
  Civil Action No. 96-C-1345

- Rhône-Poulenc Agro, S.A. v. Monsanto Company and Dekalb Genetics Corporation
  U.S. District Court, Middle District of North Carolina
  Civil Action No. 1:97CV01138

- Rohm and Haas Company v. Acti-Chem Specialties, Inc. and Thor Chemie GmbH
  U.S. District Court, Eastern District of Pennsylvania
  Civil Action No. 99-cv-6337

- Roton Barrier, Inc. and Austin R. Baer v. The Stanley Works
  U.S. District Court, Eastern District of Missouri, Eastern Division
  Civil Action No. 4:92CV00709 (CAS)

- R2 Medical Systems, Inc. v. Katecho, Inc. and Cardiovascular Group of Oregon, Inc.
  U.S. District Court, Northern District of Illinois, Eastern Division
  Civil Action No. 94-C-3131

- John Larry Sanders and Specialty Fertilizer Products, LLC v. The Mosaic Company, et al
  U.S. District Court, Western District of Missouri
  Civil Action No. 09-0016-CV-W-JTM

- S. David Stulberg and Bernard N. Stulberg v. Intermedics Orthopedics, Inc., and Techmedica, Inc.
  U.S. District Court, Northern District of Illinois
  Civil Action No. 94-C-4805

- Schreiber Foods, Inc. v. Borden Inc. a/k/a Borden Chemical, Inc., and Borden Foods Corporation, and Dairy Farmers of America, Inc.
  U.S. District Court, Eastern District of Wisconsin
  Civil Action No. 02-C-0293

- SourceProse Corporation v. Fidelity National Financial, et al.
  U.S. District Court, Eastern District of Texas
  Civil Action No. 2-04CV-265

- Syngenta Seeds, Inc. v. Monsanto Company, et al.
  U.S. District Court, District of Delaware
  Case No. 02-1331-SLR

- Synqor, Inc. v. Artesyn Technologies, Inc., et al.
  U.S. District Court, Eastern District of Texas
  Case No. 2:07-CV-497-TJW-CE

- Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC v. Baxter International, Inc. and Baxter Healthcare Corporation
  U.S. District Court, District of Delaware
  Civil Action No. 05-349-GMS

- The Toro Company v. Deere and Company
  U.S. District Court, District of Minnesota, Fourth Division
  Civil Action No. 99-725 DSD/JMM

- ThinkOptics, Inc. v. DB Roth, Inc., et al.
  U.S. District Court, Eastern District of Texas, Tyler Division
  Civil Action No. 6:11-cv-00455

- ThinkOptics, Inc. v. Nintendo of America, Inc., et al.
  U.S. District Court, Eastern District of Texas, Tyler Division
  Civil Action No. 6:11-cv-00455

- Timelines, Inc. v. Facebook, Inc.
  U.S. District Court, Northern District of Illinois, Eastern Division
  Civil Action No. 11-cv-06867

- Triangle Software, LLC v. Garmin International, Inc., TomTom, Inc. Volkswagen Group of America, Inc. and Westwood One, Inc.
  U.S. District Court, Eastern District of Virginia
  Civil Action No. 1:10cv1457-CMH-TCB

- Tripath Imaging, Inc. v. Cytyc Corp.
  U.S. District Court, District of Massachusetts
  Civil Action No. 03-11142-DPW

- TuitionFund, LLC v. Suntrust Banks, Inc, et al.
  U.S. District Court, Middle District of Tennessee, Nashville Division
  Case No. 3:11-cv-00069

- Norma L. Trolinder and Aventis CropScience USA LP v. Monsanto Company
  U.S. District Court, Northern District of Texas, Lubbock Division
  Civil Action No. 5-00CV0077-C

- Wallace Computer Services, Inc., d/b/a TOPS and d/b/a TOPS BUSINESS FORMS v. Sun Microsystems, Inc., and CENTRAM SYSTEMS WEST, Inc., d/b/a TOPS and d/b/a TIPS-A SUN MICROSOFT SYSTEMS COMPANY
  U.S. District Court, Northern District of Illinois, Eastern Division
  Civil Action No. 88-C-4682

- Wang Laboratories, Inc. v. The United States of America
  U.S. Court of Federal Claims
  No. 99-132C

- Wireless Ink Corporation v. Google, Inc. et al.
  U.S. District Court, Southern District of New York
  Civil Action No. 10 Civ.841 (PKC) and 11 Civ. 1751 (PKC)

- Wisconsin Alumni Research Foundation v. General Electric Company
  (E.D. Wis., 1995)
  880 F. Supp. 1266

- Vision Advancement, LLC v. Vistakon, a division of Johnson & Johnson Vision Care, Inc.
  U.S. District Court, Eastern District of Texas, Marshall Division
  Civil Action No. 2:05CV-455

- Zeneca Limited, Zeneca Holdings, Inc., and Zeneca, Inc., v. Rhône-Poulenc, Inc., d/b/a
  RhônePoulenc Ag Company
  U.S. District Court, District of Delaware
  Civil Action No. 97-652-RRM

- Zhongshan Broad Ocean Motor Co, Ltd., et al. v. Nidec Motor Corporation
  Patent Trial and Appeals Board
  IPR2014-01122

# Curriculum Vitae of Defendants' Expert Douglas A. Terry

**Douglas A. Terry, CPA/ABV, JD, MBA**
**7620 Olentangy River Road, Columbus, OH 43235**
**(614) 431-1040; dterry@bodineperry.com**

---

## PROFESSIONAL EXPERIENCE

*Bodine Perry LLC* (**Columbus, OH**)
*Director of Business Valuations (2021-Present)*
*Senior Manager, Tax and Business Valuation (2019-Present)*
- Prepare and review federal, state, and city tax returns for individuals, partnerships, and corporations
- Perform business valuations and negotiate purchases and sales of equity ownership interests
  - A valuation of 15 franchised restaurants for divorce litigation purposes
  - A buyout of a retiring dentist's 50% ownership interest in a dental practice
  - A valuation of an electrical distributor business for sale purposes pursuant to buy-sell agreement
  - A valuation of a subscription-based technology company to negotiate sale with synergistic buyer

*Schaefer & Associates, Inc. CPAs* (**Worthington, OH**)
*Manager, Tax, Business Valuation, and M&A Consulting (2018 – 2019)*
- Prepared and reviewed federal, state, and city tax returns for individuals, partnerships, and corporations
- Performed business valuations of health care professional practices and other types of businesses and negotiated purchases and sales of equity ownership interests, including:
  - A sale of a 100% ownership interest in a dermatology practice to a private equity firm
  - A buyout of a 33.3% retiring podiatrist's interest in a medical practice
  - A purchase of a client former spouse's ownership interest in a truck parts retail business
  - A sale of a retiring owner's interest in a tool distribution business to employees

*Blue & Company, LLC* (**Columbus, OH**)
*Senior Manager, Tax, Business Valuation, and M&A Consulting (2008-2010, 2012-2018)*
- Prepared and reviewed federal, state, and city tax returns for individuals, partnerships, and corporations
- Performed business valuations of equity ownership interests in healthcare and other types of entities and negotiated purchases and sales of businesses on behalf of owners, including:
  - Led sale of dermatology practice proceeds to a private equity group for $20 million. Formulated disbursement model to distribute the transaction proceeds among practice's eight owners. Negotiated purchase price and required working capital levels and valued personal goodwill that owners sold directly to buyer.
  - Led sale of large family medical practice to a large Cleveland hospital system. Negotiated the purchase price from $12 million to $17 million against hospital system's accounting firm, Deloitte. Defended valuation assumptions, including capital expenditure requirements and compensation adjustments, against challenges.
  - Led sale of veterinary practice to private equity group, negotiated closing target working capital level and related closing purchase price adjustment, and prepared post-transaction tax return reporting installment sale gain.
  - Assisted hospital systems in countless acquisitions of medical, physical therapy, and home health care practices.
  - Audited financial statements of hospitals located throughout Ohio

*JPMorgan Chase Bank, N.A.* (**Columbus, OH**)
*Valuation Services and Transactions Manager (2006-2008, 2010-2012)*
- Performed valuations of closely held businesses for estate and gift tax and transaction purposes, including:
  - Assisting in the sale of a New York City hedge fund investing in Asian real estate and alternative investments to firm management following the death of the fund's founder; and
  - Managing the valuation of a minority interest in a family limited partnership that in turn held a majority interest in one of the largest companies in the world utilizing discounts for lack of control and marketability.

## EDUCATION

- *Ohio State University,* **Fisher College of Business** *(2006),* Master of Business Administration, (GPA: 3.6/4.0)
- *Ohio State University,* **Moritz College of Law** *(2001),* Doctor of Jurisprudence (GPA 3.9/4.0), *Summa Cum Laude* (Top 2%)
- *West Virginia University (1997),* Bachelor of Arts (GPA 3.5/4.0)

# Appendix B

| JOINT EXHIBITS | | | |
|---|---|---|---|
| 9 | ALL 299-303 | 4/27/18 Letter to Tricor regarding breach of Admin Agreement | Plaintiff: INA Defendant: ETO |
| 14 | ALL 311 | 5/29/18 Letter to Dealer re: termination of administration agreement | Plaintiff: INA Defendant: ETO |
| 104 | ALL 3381-3394 | Third Party Lifetime Examples | Plaintiff: INA Defendant: INA |
| 106 | ALL 003395 | ALL Payroll Summary | Plaintiff: ETO Defendant: ETO |
| 122 | | Biagioli Report (10/20/21) & Exhibits | Plaintiff: ETO Defendant: ETO |
| 129 | PDS 1241 - 1273 | 2016 Consolidated Financial Statements | Plaintiff: INA Defendant: ETO |
| 130 | PDS 1274 – 1310 | 2017 Consolidated Financial Statements | Plaintiff: INA Defendant: ETO |
| 131 | PDS 1311 – 1333 | 2018 Consolidated Financial Statements | Plaintiff: INA Defendant: ETO |
| 132 | PDS 1334 – 1358 | 2019 Consolidated Financial Statements | Plaintiff: INA Defendant: ETO |
| 134 | PDS 0352 | Comparison of PDS Lifetime vs. VSC revenue by month and year | Plaintiff: ETO Defendant: INA |
| 136 | ALL 3428-3610 | PDF version of ALL Lifetime transaction information | Plaintiff: INA Defendant: INA |
| 137 | ALL 3428-3610 | Excel version of ALL Lifetime transaction information | Plaintiff: INA Defendant: INA |
| 138 | ALL 3611 | ALL Summary of Costs (up to 7/31/21) | Plaintiff: INA Defendant: ETO |
| 139 | ALL 3612-3667 | ALL Audited Financial Statements | Plaintiff: ETO Defendant: ETO |
| 140 | ALL 3668 | Revenue for Administration of LPLP through 10.31.21 | Plaintiff: ETO Defendant: ETO |
| 148 | | Murphy / Corp. Rep. Deposition Vol. 1 & 2 | Plaintiff: ETO Defendant: ETO |
| 150 | | Supplemental Biagioli Report (1/19/22) & Exhibits | Plaintiff: ETO |

# Appendix C

| PLAINTIFF'S EXHIBITS | | | |
|---|---|---|---|
| No. | Bates Range | Description | Designation |
| 103 | | Allegiance Calculations of Earnings Before Interest, Taxes, Depreciation and Amortization from the Assurant Business (July 1, 2018 - June 30, 2019) | INA |
| 105 | ALL-003396 | ALL LPLP Program Total Admin to 7/31/21 | ETO |
| | | | |
| 138 | ALL-003611-003668 | ALL Summary of Costs (up to 7/31/21) | INA |
| 139 | ALL-003612-3667 | ALL Audited Financial Statements | ETO |
| 140 | ALL 3668 | Revenue for Administration of LPLP through 10.31.21 | ETO |
| 143 | | Bokhart Report (2/7/22) & Exhibit | ETO |
| 201 | ALL-000821-941 | Allegiance email correspondence and attachments regarding the creation of the infringing forms | ETO |
| 202 | PDS 1239 | PDS hourly rates | ETO |
| 203 | PDS 1240 | PDS sales 2/2009 – 5/2019 | INA |
| 204 | PDS 1385 – 1386 | PDS sales 8/2009 – 12/2021 | ETO |
| 205 | PDS 1387 | Premier Operating Expense 2018-2020 | INA |
| 206 | ALL 003396 | ALL LPLP Program Total Admin 7/31/21 | ETO |
| 207 | ALL 003397-3427 | ALL Office Lease | INA |
| 208 | ALL 03669-003877 | ALL "Data Backup" SS (6/8/18-10/31/21) | INA |
| 209 | ALL-001067-68. | Heritage Engine for Life forms | INA |
| 210 | ALL-001085-86. | Heritage Engine for Life form for Anderson Automotive Group | INA |
| 211 | ALL-003428-003610 | ALL "Data Backup" SS (6/8/18 - 7/2/21) | INA |
| 212 | PageID#1136 - 1137 | Cmpl. Ex. B - Example of Infringing ALL Form | ETO |
| 213 | PageID#1138-1145) | Comp. Ex. C -- Premier  Copyright Registrations | ETO |
| 214 | | ALL Discovery Response Served 9/21/2021 | ETO |
| 215 | | ALL Discovery Response Served 9/29/2021 | ETO |

| 216 |  | ALL Discovery Response Served 10/14/2021 | ETO |
|-----|--|------------------------------------------|-----|
| 217 |  | ALL Discovery Response Served 6/17/2019 | ETO |
| 218 |  | ALL Discovery Response Served 9/24/2018 | ETO |
| 219 | Doc# 113-2 to 113-6 (PageID#4652-4686) | Demonstrative comparison of Lifetime Forms | INA |

# Appendix D

| DEFENDANT'S EXHIBITS | | | |
|---|---|---|---|
| Exhibit No. | Bates Range | Description | Designation |
| 1 | ALL-0001 - 0002 | TriCare Rate Fee Breakdown | INA |
| 4 | ALL-00036 - 00046 | Servicing Agreement | ETO |
| 5 | ALL-00047 - 00082 | Administration Agreement (2014 Agreement between Tricor Automotive Group, Inc. and Premier Dealer Services) | ETO |
| 9 | ALL-000299 - 000303 | April 27, 2018 Letter - from Premier to Tricor - Initial PDS Letter regarding Tricor's material breach | ETO |
| 10 | ALL-000304 - 000305 | May 9, 2018 Letter - from Tricor Counsel to Premier - Letter to Robert Bell regarding response to initial letter | ETO |
| 11 | ALL-000306 - 000307 | May 11, 2018 Letter - from Premier to Tricor Counsel PDS Response to Tricor's Letter | ETO |
| 12 | ALL-000308 - 000309 | May 15, 2018 Letter - from Tricor Counsel to Premier - Tricor's response to Premier's prior letter | ETO |
| 13 | ALL-000310 | May 16, 2018 Letter - from Premier Dealer Services to Tricor Counsel - PS Response | ETO |
| 14 | ALL-000311 | May 29, 2018 Letter - from Premier Dealer Services to Tricor dealers - terminating the relationship | ETO |
| 15 | ALL-000312- 000313 | May 29, 2018 Letter - from Tricor Counsel to Premier Dealer Services - Letter to Robert Bell in response to termination letter | ETO |
| 16 | ALL-000314 - 000315 | May 30, 2018 Letter - from Tricor Counsel to Premier Dealer Services - Letter to Robert Bell regarding response to termination | ETO |
| 17 | ALL 000316- 000321 | Presentation Materials regarding Tricor's Organizational Structure [ALL 000316-000321] | ETO |
| 20 | ALL 000325- 000326 | May 29, 2018 at 4.07 pm Email – from Joe Campbell to Rob Armstrong regarding PDS– Tricare Service Contracts [ALL 000325-000326] | INA |

| 21 | ALL 000327-000328 | May 29, 2018 at 4.55 pm Email – from Kevin Hawe regarding PDS – Site TricareWarranties [ALL 000327- 000328] | INA |
|---|---|---|---|
| 22 | ALL 000329-000333 | May 29, 2018 at 6:07 Email – from Rob Armstrong to Kein Hawe, Derek Brown, Valerie Boisvert, Jeff LeBlanc, Francois Bourque, Rebecca Thornborrow, Nick Rowe, Deb Bourdeau, Michelle Fish, Percy Collas, and Kimberly Fletcher [ALL 000329-000333] | INA |
| 28 | ALL 000383 | Timeline [ALL 000383] | ETO |
| 29 | ALL 000384-000416 | Tricor v. Premier Dealer Services Initial Pleading Binder [ALL 000384-000416] | ETO |
| 30 | ALL 000417-000434 | Premier Dealer Services v. Tricor Initial Pleading Binder [ALL 000417-000434] | ETO |
| 36 | | Preliminary Injunction Hearing Transcript 9.25.2018 | INA |
| 37 | ALL 000709-000941 | Allegiance Document Production [ALL 000709-000941] | INA |
| 41 | | Private Label Marketing Agreement between Tricor Automotive Group and Premier Dealer Services (2011 Agreement) | INA |
| 100 | | Amended Notice of Rule 30(b)(6) Deposition of Allegiance Administrators | ETO |
| 101 | | Defendant Allegiance Administrators, LLC's Responses to Plaintiff's Fourth Set of Combined Discovery Requests 9.29.2021 | ETO |
| 102 | | Allegiance's Responses to the Interrogatories and RFAs in Plaintiff's Fifth Set of Combined Discovery Requests Propounded to Defendant Allegiance Administrators, LLC 9.29.2021 | INA |
| 107 | ALL 000113 – 000114 | Emails between Michelle Fish and Michelle DeFouw, April 2018 [ALL 000113 – 000114] | ETO |
| 108 | ALL 000845 – 000846 | Emails between Michelle Fish and Michelle DeFouw, June 5 2018 [ALL 000845 – 000846] | INA |
| 114 | | Notice of Rule 30(b)(6) Deposition of Premier Dealer Services, Inc. | INA |
| 115 | | Second Amended Complaint | ETO |
| 116 | | Tricor Automotive Group Review | INA |
| 117 | | Excerpt from Deposition of John Topits, taken 2.19.2020, pp. 60-63 | INA |

| 118 | | Plaintiff's Supplemental Responses to Supplemental Discovery, 4.3.2020 | ETO |
|---|---|---|---|
| 119 | | July 6, 2020 Greenweller Certification | ETO |
| 120 | | October 30, 2020 Greenweller Certification | INA |
| 121 | | Plaintiff's RFA Responses, 10.6.2021 | ETO |
| 123 | | 10.21.2021 S. Thomas Email re Report not being AEO | INA |
| 124 | | Biagioli Subpoena and Exhibit | INA |
| 125 | | 7.29.2021 Opinion and Order on Cross-MSJs | INA |
| 126 | | List of Duces Tecum Production by Biagioli | INA |
| 127 | | Premier Supplemental Responses to 4th RFAs, 12.10.2021 | ETO |
| 128 | | Charles River Invoices to Bricker & Eckler | INA |
| 133 | PDS 1359-1384 | PDS 2019-2020 Consolidated Financial Report [PDS 1359-1384] | ETO |
| 135 | PDS 359 | Lifetime Powertrain New/Used/Total/Admin Fee summaries regarding historical business with Tricor [PDS 359] | ETO |
| 141 | | Expert Report of Lyle King | ETO |
| 142 | | Deposition Subpoena Duces Tecum to Christopher Bokhart | INA |
| 143 | | Rebuttal Expert Report of Christopher Bokhart 2.7.2022 | INA |
| 144 | | Vols 1 and 2 of 30(b) Deposition Transcript of Premier - Lisle Greenweller | ETO |
| 146 | | Expert Report of Douglas A. Terry 1.19.2022 | ETO |
| 147 | | Rebuttal Expert Report of Douglas A. Terry in Response to Expert Reports of Nicholas Biagioli 2.7.2022 | ETO |
| 149 | | Deposition Transcript of Nicholas J. Biagioli 12.14.2021 | ETO |
| 150 | | Supplemental Expert Report of Nicholas Biagioli 1.19.2022 | ETO |
| 151 | | PDS Loyalty Products Strategy Jan 2016 PowerPoint | ETO |
| 152 | | Complaint – PDS v. Kendall Olson, et al. - Hamilton County Common Pleas A 2200786 | INA |
| 153 | ALL 000590-000592 | Email from Michelle Fish re: Tricor's Ownership of LP Program [ALL 000590-000592] | ETO |

| 154 | | LPLP Certificate | ETO |
|---|---|---|---|
| 155 | ALL 000924-000925 | Old Tricor Form [ALL 000924-000925] | ETO |
| 156 | | New Tricor Form | ETO |
| 157 | | Ontario Superior Court of Justice - Premier Dealer Services, Inc. Statement of Claim to Tricor Automotive Group | ETO |
| 158 | | Ontario Superior Court of Justice – Tricor Automotive Group, Inc. Statement of Claim to Premier Dealer Services | ETO |
| 159 | | Ontario Superior Court of Justice Ruling on Premier's Proposed Amendments to Statement of Claim | ETO |
| 160 | | Ontario Superior Court of Justice – Premier Dealer Services, Inc. Amended Statement of Claim to Tricor Automotive Group | ETO |
| 161 | | Demonstrative – Premier Dealer Services, Inc. Operations for Administration of LPLP Certificate | ETO |
| 162 | | Affidavit of Kendall Olson | INA |
| 163 | | 2nd Affidavit of Kendall Olson | INA |
| 164 | | Supplemental Affidavit of Lisle Greenweller and its Attachments | INA |
| 165 | | Plaintiff's Objections and Responses to Defendant's Third Set of Interrogatories and Requests for Production of Documents, 6.8.2020 | ETO |
| 166 | | Responses of Plaintiff to Defendant's Supplemental Interrogatories and Requests for Production of Documents, 12.31.2019 | ETO |
| 167 | | Supplemental Responses of Plaintiff to Defendant's Requests for Admission, 4.3.2020 | ETO |