UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PREMIER DEALER SERVICES, INC.,**

    **Plaintiff,**

v.

**ALLEGIANCE ADMINISTRATORS, LLC, et al.,**

    **Defendants.**

Case No. 2:18-cv-735
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Defendant's Seventh Motion in Limine to exclude opinions and reports of Christopher Bokhart (ECF No. 185). Plaintiff filed a response in opposition to the motion (ECF No. 196). For the reasons set forth below, Defendants' motion is **DENIED**.

### I. Background

This case is scheduled for a trial on copyright infringement damages on May 31, 2022. Plaintiff proffers Christopher Bokhart as a rebuttal expert to the opinions and damages calculations put forth by Defendants' experts Lyle King and Douglas Terry. In reviewing Lyle King's Report, Mr. Bokhart "disagree[s] with many of his conclusions because they are based solely on his experience" and are not "tied to evidence, facts, or data produced in this case." (Bokhart Expert Report ¶ 12, ECF No. 185-1.) Mr. Bokhart similarly opines that Douglas Terry's report is "unreliable and not supported by the evidence, facts, or data in the case." (*Id.* ¶ 13.) Mr. Bokhart refutes Mr. Terry's and Mr. King's report by listing flaws in their calculations and performing his own calculations of the deductible expenses attributable to the LPLP Program and other relevant figures. (*Id.* ¶¶ 19–66.)

1

## II. Standard

Evidentiary rulings are made subject to the district court's sound discretion, *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019), including the admissibility of expert testimony, *United States v. Dunnican*, 961 F.3d 859, 875 (6th Cir. 2020). This role, however, is not intended to supplant the adversary system or the role of the jury. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 531–32 (6th Cir. 2008). Arguments regarding the weight to be given to any testimony or opinions of an expert witness are properly left to the jury. *Id*. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993). The burden is on the party offering the expert opinions and testimony to demonstrate "by a preponderance of proof" that the expert evidence is admissible. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

The district court's role in assessing expert testimony is a "gatekeeping" one, ensuring that only admissible expert testimony is submitted to the jury; its role is not to weigh the expert testimony or determine its truth. *United States v. Gissantaner*, 990 F.3d 457, 463 (6th Cir. 2021) (quoting *Daubert*, 509 U.S. at 597). Expert testimony, *i.e.*, testimony given by "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education," is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In this circuit, "[t]he Rule 702 analysis proceeds in three stages." *United States v. Rios*, 830 F.3d 403, 413 (6th Cir. 2016).

First, an expert witness must be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "[T]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Madej v. Maiden*, 951 F.3d 364, 370 (6th Cir. 2020) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)). "[T]he only thing a court should be concerned with in determining the qualifications of an expert is whether the expert's knowledge of the subject matter is such that his opinion will likely assist the trier of fact in arriving at the truth. The weight of the expert's testimony must be for the trier of fact." *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 851 (6th Cir. 1981). A party's expert need only meet the "'minimal qualifications' requirement—not one who could teach a graduate seminar on the subject." *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 377 (6th Cir. 2014) (quoting *Mannino*, 650 F.2d at 851); *see also Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 446 (6th Cir. 2012) ("An expert's lack of experience in a particular subject matter does not render him unqualified so long as his general knowledge in the field can assist the trier of fact.").

Second, expert testimony must be relevant. Expert testimony is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue." *Bradley v. Ameristep, Inc.*, 800 F.3d 205, 208 (6th Cir. 2015) (quoting *United States v. Freeman*, 730 F.3d 590, 599–600 (6th Cir. 2013)); Fed. R. Evid. 702(a). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (quoting 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 702[02], p. 702–18 (1988)). "This requirement has been interpreted to mean that scientific testimony must 'fit' the facts of the case, that is, there must be a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir.

3

2000) (citing *Daubert*, 509 U.S. at 592). This is a case-specific inquiry. *Madej*, 951 F.3d at 370 ("Whether an opinion 'relates to an issue in the case' or helps a jury answer a 'specific question' depends on the claims before the court.").

Third, expert testimony must be reliable. Rule 702 provides the following general standards to assess reliability: whether "the testimony is based on sufficient facts or data," whether "the testimony is the product of reliable principles and methods," and whether "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)–(d). To evaluate reliability of principles and methods, courts consider "'testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant scientific community,'" though these "factors 'are not dispositive in every case' and should be applied only 'where they are reasonable measures of the reliability of expert testimony.'" *In re Scrap Metal*, 527 F.3d at 529 (citations omitted); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) (describing these factors as "flexible" (quoting *Daubert*, 509 U.S. at 594)). The objective of the reliability requirement is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

### III.    Analysis

Defendants move the Court to exclude Mr. Bokhart's report and testimony because: (1) his report is not a rebuttal but was filed on the deadline for rebuttal expert reports, (2) his opinions are not supported by sufficient facts or data, and (3) he does not reliably apply principles and methods to the facts of this case. (ECF No. 185.)

4

A. **Untimely Expert Opinion**

Defendants first argue that the last section of Mr. Bokhart's opinions should be excluded because it is not a rebuttal to Defendants' experts' opinion. Pursuant to the Court's schedule, primary expert reports were due on January 6, 2022, and rebuttal expert reports were due February 7, 2022. Mr. Bokhart's report was filed on the rebuttal expert deadline. As a result, Defendants were not able to procure an expert to rebut Mr. Bokhart's new opinions in time for the rebuttal expert report deadline. (ECF No. 185 at 3.) Defendants specifically object to the report section titled Profits Attributable to the Copyright, claiming that it "renders opinions about the value of the copyright, which is the affirmative burden of Premier, and not something that Mr. King opined on in his report." (*Id.*)

Upon careful review of this section, the Court finds that it is in rebuttal to Mr. King and Mr. Terry's reports. (*See* Bokhart Expert Report ¶¶ 61–66, ECF No. 185-1.) Mr. Terry's report calculates "the revenue and profits that Allegiance generated as a result of it performing administration on Tricor's Lifetime Powertrain Loyalty Program…" (Terry Expert Report ¶ 1, ECF No. 201-2.) The challenged section of Mr. Bokhart's report addresses Allegiance's profits, including the change in profits in the years Allegiance used the LPLP Certificates then did not use the LPLP Certificates. (*See* Bokhart Expert Report ¶¶ 61–66.) Mr. Bokhart concludes:

> The profits earned in excess of 20.4% represent excess earnings attributable to the use of PDS's copyright. Based on the profit numbers discussed previously in this report, Allegiance earned profits of $1,293,891 attributable to the Lifetime program. Calculating the excess profitability above a profit margin of 20.4%, results in apportioned profits of $1,018,962 (profits in excess of 20.4%) attributable to the copyrighted work.

(*Id.* ¶ 66.) These calculations rebut Mr. Terry's calculation that Allegiance's profits attributable to the LPLP Program equal $381,645. (Terry Report at 13, Tab 3, ECF No. 201-2.) Therefore, the figures are in direct rebuttal to Mr. Terry's figures and are therefore proper rebuttal opinions.

5

### B. Reliability of Mr. Bokhart's Testimony and Report

Defendants do not challenge whether Mr. King is qualified as an expert or whether his testimony is relevant. Instead, Defendants assert that Mr. Bokhart's testimony and report should be excluded because it is not supported by sufficient facts and data and he does not apply reliable accounting principles and methods to the figures in this case.

**1. Sufficient Facts and Data**

Defendants assert that Mr. Bokhart's report is not based on sufficient facts and data because it is based upon Nicholas Biagioli's report, which was based on hearsay evidence. (ECF No. 185 at 4.) This argument is not well taken. Under Federal Rule of Evidence 703, an expert may base his opinions on inadmissible evidence, including hearsay. Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made personally aware of or personally observed…they need not be admissible for the opinion to be admitted.").

Defendants also argue that Mr. Bokhart's testimony is refuted by the deposition testimony of Dawn Murphy, Allegiance's Chief Operations Officer. (ECF No. 185 at 5.) But that is not a basis for excluding testimony. Defendants have identified an issue of fact between Mr. Bokhart's testimony and Dawn Murphy's testimony. Issues of fact are to be determined by the jury. Mr. Bokhart's expert opinion is not rendered inadmissible simply because it is refuted by other evidence.

Finally, Defendants argue that some of Mr. Bokhart's statements are unsupported, such as: "Insurance premiums are usually dependent on the value of the underlying commercial property and equipment and associated risk for the business operations, not the revenues generated"; "Audit fees are typically impacted when there is a change in risk." Defendants would have Mr. Bokhart support every statement with a treatise, article, or other authority. (ECF No. 185 at 6.) Notably,

6

the two sentences Defendants isolate on pages 14 and 15 are two of the few sentences not supported by a citation. The Court finds that Mr. Bokhart's statements lacking a citation are general statements about the industry that a person with his background would know from knowledge and experience. Mr. Bokhart is Vice President of an international consulting firm focused in several financial areas, including business valuation and intellectual property. (Bokhart Expert Report ¶ 2.) He has 30 years of experience consulting in the fields of intellectual property and business valuation. (*Id.* at 25, Tab 1.) Federal Rule 702 requires the experts to rely on "sufficient" facts and data, and Mr. Bokhart meets that burden. Defendants may challenge the veracity and source of those statements at trial because their concerns relate to the credibility, not admissibility of Mr. Bokhart's opinions.

2. **Application of Reliable Principles and Methods**

Defendants argue that Mr. Bokhart did not reliably apply accounting principles and methods to his calculations because he relied on Mr. Biagioli's conclusion that costs associated with operating Allegiance as a whole should be siloed off from the Lifetime Powertrain Loyalty Program. Defendants claim that this was an improper accounting method because the LPLP program contributes to the overhead costs and operating expenses and should therefore count as a deductible cost. (ECF No. 185 at 6.)

Plaintiff responds that the amount of operating costs attributable to the LPLP program is a factual dispute not proper for a motion in limine. Furthermore, it is not Plaintiff's burden to calculate the deductible costs. To collect disgorgement profits, Plaintiff must only show gross revenue.

The Court agrees with Plaintiff and finds that the dispute of what, if any, overhead costs should be attributed to the LPLP program is one of the main issues of fact in this case. Plaintiff

argues there are very few overhead costs associated with the LPLP program. Defendant argues there is a larger amount of overhead costs that should be deducted from Allegiance's profits stemming from the LPLP program. That Mr. Bokhart and Mr. Terry disagree about what numbers to input into the profit calculations does not call into question the method of Mr. Bokhart's calculations or render his opinions inadmissible.

## IV. Conclusion

For the foregoing reasons, Defendants' seventh motion in limine (ECF No. 185) is **DENIED**. As with all in limine rulings, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**5/23/2022**             **s/Edmund A. Sargus, Jr.**
**DATE**            **EDMUND A. SARGUS, JR.**
           **UNITED STATES DISTRICT JUDGE**